*310 OPINION OF THE COURT
George G. Bernhard, J.
Respondent moves to dismiss a proceeding brought to punish him for violation of an order dated June 26, 1986 of this court prohibiting him in a child protective proceeding from being in the presence of his twin daughters, age 7, and his stepdaughter, age 15. (Family Ct Act § 828.) He urges, as a bar to this proceeding, that respondent has already been punished for the same conduct. He notes that respondent, who was convicted of sexual abuse in the third degree in the County Court, Dutchess County, for conduct with respect to the older one of the same children, was resentenced to State prison for violation of a term of probation which also prohibited him being in the presence of the children. He is presently lodged in Clinton Correctional Facility.
The County Attorney urges that the elements of proof in this proceeding are different since the issue whether respondent knowingly violated this court’s order when he was arrested for being at the home of the children and their mother while the question in the County Court was whether he had simply violated a condition of probation previously imposed thus authorizing the court to resentence him to prison.
Be that as it may, there is no question but the same conduct of being in the presence of persons whose company was prohibited to him for good and sufficient reason has triggered the proceeding in this court as well as that of the County Court. The issue is whether he is being illegally punished twice.
The County Attorney postulates in this connection that this proceeding in the nature of criminal contempt in this court pursues a civil remedy as opposed to the resentencing in the County Court.
While one might characterize a contepipt proceeding under article 19 of the Judiciary Law as a civil proceeding within New York practice and procedure, one must also note that such a proceeding leads to a fine (Judiciary Law § 773), imprisonment (Judiciary Law § 774) and in this case maximum six months in jail (Family Ct Act § 1072). Accordingly, this proceeding must be considered penal or criminal in nature within the meaning of the Fifth Amendment of the US Constitution as interpreted in Illinois v Vitale (447 US 410), which interpreted a traffic violation as being sufficiently penal in nature *311 as to give rise to jeopardy under constitutional limitations. (See also, Brown v Ohio, 432 US 161.)
However, before one inserts a constitutional question one must scrutinize the applicable criminal procedure laws of this State, which are as follows:
"§ 40.20 Previous prosecution; when a bar to second prosecution
"1. A person may not be twice prosecuted for the same offense.
"2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:
"(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or
"(b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil; or
"(c) One of such offenses consists of criminal possession of contraband matter and the other offense is one involving the use of such contraband matter, other than a sale thereof; or
"(d) One of the offenses is assault or some other offense resulting in physical injury to a person, and the other offense is one of homicide based upon the death of such person from the same physical injury, and such death occurs after a prosecution for the assault or other non-homicide offense; or
"(e) Each offense involves death, injury, loss or other consequence to a different victim; or
"(f) One of the offenses consists of a violation of a statutory provision of another jurisdiction, which offense has been prosecuted in such other jurisdiction and has there been terminated by a court order expressly founded upon insufficiency of evidence to establish some element of such offense which is not an element of the other offense, defined by the laws of this state”.
"§ 40.30 Previous prosecution; what constitutes
"1. Except as otherwise provided in this section, a person 'is prosecuted’ for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States, and when the action either:
*312 "(a) Terminates in a conviction upon a plea of guilty; or
"(b) Proceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn.
"2. Despite the occurrence of proceedings specified in subdivision one, a person is not deemed to have been prosecuted for an offense, within the meaning of section 40.20, when:
"(a) Such prosecution occurred in a court which lacked jurisdiction over the defendant or the offense; or
"(b) Such prosecution was for a lesser offense than could have been charged under the facts of the case, and the prosecution was procured by the defendant, without the knowledge of the appropriate prosecutor, for the purpose of avoiding prosecution for a greater offense.
"3. Despite the occurrence of proceedings specified in subdivision one, if such proceedings are subsequently nullified by a court order which restores the action to its pre-pleading status or which directs a new trial of the same accusatory instrument, the nullified proceedings do not bar further prosecution of such offense under the same accusatory instrument.
"4. Despite the occurrence of proceedings specified in subdivision one, if such proceedings are subsequently nullified by a court order which dismisses the accusatory instrument but authorizes the people to obtain a new accusatory instrument charging the same offense or an offense based upon the same conduct, the nullified proceedings do not bar further prosecution of such offense under any new accusatory instrument obtained pursuant to such court order or authorization.”
The above statutes give double jeopardy protection which has been characterized as broader and more detailed than that provided by the Fifth Amendment of the US Constitution (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 40.20, at 247).
This court finds that this proceeding and the violation of probation proceeding involved the same act or criminal transaction, i.e., contact with these infants. Moreover, the same harm or evil is contemplated by our laws authorizing child protective proceedings in Family Court and forbidding sexual abuse in the second degree of children less than 14 years old (Penal Law § 130.60) and imposing terms of probation to prevent the same.
Nevertheless, there is the additional question of whether the violation of probation proceeding constitutes a "previous *313 prosecution” within the meaning of CPL 40.30. The protection under that statute might be "broader and more detailed” as to the conduct which is the subject of the two proceedings but it is subject to the precise procedural definitions which appear (as previously noted) to be narrower than those provided by the United States Constitution. The violation of probation proceeding is nowhere indicated to be a prior prosecution. The prior prosecution was the indictment for an offense against only the older girl who is a different victim from the younger girls, as set forth in CPL 40.20 (e). Therefore, this court rules the violation of probation proceeding involving the same conduct as is alleged in this proceeding furnishes no bar under our New York double jeopardy statutes to this proceeding, pursuant to section 1072 of the Family Court Act and article 19 of the Judiciary Law.
Accordingly, if there is any bar to be accorded to the violation of probation proceeding, it must be under the Federal Constitution Fifth Amendment privilege against double jeopardy. That protection unlike CPL article 40 is not based on actual conduct, but on whether the' statutory elements of the offense alleged in each criminal proceeding include different elements of proof than the other (see, Illinois v Vitale, 447 US 410, supra). If such different elements exist, one is not a bar to the other.
The prior conviction is based on Penal Law § 130.60, i.e., respondent’s illicit sexual conduct with a 13-year-old girl. The instant proceeding is based on offense of violation of an order of this court which is an entirely different issue. The elements of the two proceedings are so different that the motion is denied.