OPINION OF THE COURT
John M. Leventhal, J.
The issue in these two unrelated cases is whether, under constitutional and State statutory double jeopardy principles, a criminal prosecution in the Supreme Court is precluded by a prior Family Court disposition imposed for a violation of an order of protection based on the same underlying conduct.
In People v Arnold, Sebastian Arnold’s then wife[1] commenced a Family Court proceeding under article 8 of the Family Court Act alleging that the defendant argued with her, cursed at her and destroyed her property on April 2, 1995. Arnold’s wife also alleged that on prior occasions Arnold had assaulted and threatened her. Arnold’s wife requested and received an order of protection from the Family Court effective until May 5,1995. The protective order directed that Arnold "shall not assault, menace, harass, recklessly endanger or engage in disorderly conduct” toward his wife. On April 17, 1995, Arnold’s wife brought a second petition before the Family Court alleging that Arnold violated the temporary order of protection issued on April 4, 1995 by forcing his way into his wife’s home and by menacing her with a knife on April 15, 1995 and by calling her on the phone and by continually threatening to kill her on April 16, 1995. On May 23, 1995 after a fact-finding hearing, the Family Court (Cordova, J.) found that the petitioner had met her "burden of requisite quantum proof.” After a dispositional hearing pursuant to section 841 of the Family Court Act, the Family Court placed Arnold on one-year probation and required him to attend a batterer’s program. The Family Court, finding the presence of aggravating circumstances under Family Court Act § 827 (a) (vii) issued a final three-year order of protection. (Family Ct Act § 842.)
Arnold, while the Family Court case was pending, had been arrested and charged with various crimes arising out of incidents alleged to have occurred on April 15, 25, and 26, 1995. On May 26, 1995, the defendant was indicted for burglary in the first and second degrees, assault in the second degree, attempted assault in the second degree, criminal possession of a weapon in the fourth degree and criminal contempt *588 in the second degree, all alleged to have occurred on April 15, 1995; burglary in the second degree, criminal contempt in the first and second degrees, and criminal mischief in the third degree, all alleged to have occurred on April 25, 1995; and burglary in the second degree, criminal contempt in the second degree and aggravated harassment in the second degree, all alleged to have occurred on April 26, 1995.
In People v Triuck, defendant Triuck’s wife obtained a final order of protection in the Family Court on July 26, 1996 after a finding that Triuck menaced his wife with a knife on June 7, 1996. The final order of protection was for a period of three years and directed that Triuck refrain from acts constituting "assault, harassment, menacing, reckless endangerment, disorderly conduct, intimidation or any other offense under the Penal Law” and also provided that he stay away from his wife, her home, and their child. On October 29, 1996, Triuck’s wife brought a petition alleging that Triuck violated the July 26, 1996 order of protection on various dates from October 22 through October 28, 1996.[2] After a fact-finding hearing, the Family Court (Segal, J.) found beyond a reasonable doubt that Triuck willfully violated the July 26, 1996 final order of protection as follows:
"That on October 22, 1996, the respondent willfully violated the July 26, 1996 final order of protection by repeatedly pushing petitioner, and by forcibly taking custody of the parties’ minor child.
"That on October 23, 1996, respondent again willfully violated the July 26, 1996 final order of protection by appearing at petitioner’s home, by knocking on the door, and otherwise by acting in a disorderly manner.
"That on October 26, 1996, respondent again willfully violated the July 26, 1996 final order of protection by appearing at petitioner’s home and menacing petitioner with a knife.”
On January 30, 1997, the Family Court imposed, as its disposition, consecutive sentences of incarceration for each violation: 90 days each for the violations occurring on October 22, 1996 and October 23, 1996; and 180 days for the October 26, 1996 violation.
On February 24, 1997, the instant indictment was filed against Triuck charging him with the following crimes: aggravated criminal contempt, criminal contempt in the first *589 degree, endangering the welfare of a child, criminal mischief in the fourth degree and menacing in the third degree, all alleged to have occurred on October 18, 1996; criminal contempt in the first degree (three counts), endangering the welfare of a child and custodial interference in the second degree, all alleged to have occurred on October 22, 1996; and menacing in the third degree, alleged to have occurred on October 23, 1996.
Defendants Arnold and Triuck in two separate motions contend that their Supreme Court prosecutions are barred by constitutional and State statutory double jeopardy protection.[3] (US Const 5th, 14th Amends; NY Const, art I, § 6; CPL 40.20, 40.40.) The defendants contend that the Family Court proceeding against each of them was a prosecution for the same conduct or offense as charged in the respective indictment against each of them which is now before this court. Moreover, each contends that the disposition or sentence imposed by the Family Court constituted criminal punishment.
The Family Court Act and the Criminal Procedure Law both provide the criminal court and Family Court with concurrent jurisdiction for certain enumerated criminal offenses when committed by one family member against another (Family Ct Act § 115 [e]; § 812 [1]; CPL 100.07, 530.11). Although the Family Court proceeding for certain criminal conduct among family members is deemed to be a civil proceeding (Family Ct Act § 812 [2] [b]; Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 812, at 133), the Family Court may, with the consent of the petitioner, transfer a section 812 proceeding to the criminal court in the interest of justice (Family Ct Act § 813 [1]). Moreover, the Family Court upon its own motion or upon motion of the petitioner may transfer a proceeding to the criminal court alleging that the respondent has failed to obey a lawful order of the court. (Family a Act § 846 [b] [ii] [C]; § 813 [1].)
The constitutional protection against former jeopardy[4] protects individuals against successive prosecutions for the same offense after an acquittal or conviction. Multiple punishments for the same offense are also proscribed. (North Carolina v Pearce, 395 US 711, 717.) Double jeopardy protection may be *590 extended to proceedings that are not nominally criminal. (Helvering v Mitchell, 303 US 391.) It is now settled that a sanction in a "civil” or noncriminal proceeding may constitute punishment for double jeopardy purposes. (United States v Halper, 490 US 435 [civil penalty may be so extreme as to constitute prohibited punishment under double jeopardy analysis]; Department of Revenue v Kurth Ranch, 511 US 767 [tax may be characterized as punishment for double jeopardy purposes].) Not all punishment, however, is a criminal sanction. (See, Matter of Cordero v Lalor, 89 NY2d 521 [Double Jeopardy Clause does not bar criminal prosecution of a prison inmate simply because inmate was previously subjected to internal prison disciplinary action for the same conduct]; United States v Ursery, 518 US 267 [in rem civil forfeitures are not punishment for purpose of double jeopardy].)
The Court of Appeals has held that an article 10 proceeding under the Family Court Act to determine whether a child has been neglected or abused does not bar subsequent criminal prosecution for the same conduct under double jeopardy principles. (People v Roselle, 84 NY2d 350; Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178; Matter of Commissioner of Social Servs. of City of N. Y. [Denise R.], 219 AD2d 715; People v Daniels, 194 AD2d 420; Nelson v Dufficy, 104 AD2d 234.) A child protective proceeding can take place in the Family Court while a criminal prosecution goes forward arising out of the same conduct because of the different purposes of these courts, different standards of proof and dispositional alternatives. There is no double jeopardy bar to a criminal prosecution after an article 10 Family Court proceeding. (People v Roselle, 84 NY2d, at 357, 359, supra.) "Significantly, a neglect [or abuse] finding can result in the possibility of the child’s placement outside the familial home, not a penal sanction against the defendant. The desired end of the article 10 proceeding is to ensure the expeditious protection of the child’s welfare, not to secure a conviction against the defendant”. (People v Roselle, 84 NY2d, at 357, supra, citing Gilberg v Barbieri, 53 NY2d 285, 293.)
Defendants Arnold and Triuck, however, were subject to a proceeding under article 8 of the Family Court Act. Article 8 is a "civil proceeding * * * for the purpose of attempting to stop the violence, end the family disruption and obtain protection.” (Family Ct Act § 812 [2] [b].) The Court of Appeals has held, however, that consecutive sentences of imprisonment are permitted for multiple violations of an order of protection due *591 to "the punitive nature of Family Court Act § 846-a” (Matter of Walker v Walker, 86 NY2d 624, 629)[5] even though "[the] purpose of * * * article 8 * * * is designed to provide reasonable means and methods of protection and enforcement for victims of domestic violence.” (Walker v Walker, 86 NY2d, at 628, supra.) It is then clear that a disposition under section 841 of the Family Court Act for a founded violation of an order of protection is punitive and not remedial and thus is for criminal contempt and not civil contempt. (See, Hicks v Feiock, 485 US 624; Matter of Department of Envtl. Protection v Department of Envtl. Conservation, 70 NY2d 233.) Moreover, Family Court Judges most often apply the burden of proof beyond a reasonable doubt when affording a respondent a due process hearing in cases involving an alleged violation of order of protection, at least when the Judge is ordering a respondent to jail. (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 846-a, at 204; see also, Addington v Texas, 441 US 418.)
This court must now consider whether the Supreme Court prosecution must be dismissed as violative of the prohibition against double jeopardy where the Family Court has previously found that each defendant had violated the respective Family Court order of protection and punished each defendant for such violation.
The Supreme Court has recently reaffirmed the Blockburger or "same elements test” for determining whether proceedings against a criminal defendant violate the Double Jeopardy Clause. (United States v Dixon, 509 US 688.) The Supreme Court held that "[e]ach of the offenses created requires proof of a different element. The applicable rule * * * to determine whether there are two offenses or only one, is whether each provision requires proof of a[n additional] fact which the other does not.” (Blockburger v United States, 284 US 299, 304, citing Gavieres v United States, 220 US 338, 342; see also, Note, The Double Jeopardy Dilemma in Combating Domestic Violence: A Solution in United States v. Dixon, 33 J Fam L 911 [1995]; Fischel-Wolovick, Double Jeopardy and Domestic Violence Law, NYLJ, June 22, 1995, at 1, col 1.)
*592 "In both the multiple punishment and multiple prosecution contexts, [the Supreme Court] has concluded that where the two offenses for which the defendant is punished or tried cannot survive the 'same-elements’ test, the double jeopardy bar applies.” (United States v Dixon, 509 US, at 696, supra, citing Brown v Ohio, 432 US 161, 168-169; Blockburger v United States, 284 US, at 304, supra; Gavieres v United States, 220 US, at 342, supra.) The Supreme Court explicitly rejected the same conduct test.[6] (See, Grady v Corbin, 495 US 508, supra, overruled by United States v Dixon, 509 US 688.)
While a clear majority of the Court in Dixon (supra) adopted the same elements standard as the appropriate test, there was no majority opinion as to how the same elements test is to be applied, and whether that test alone should be the sole means of determining whether a successive prosecution is barred by double jeopardy. (Commonwealth v Yerby, 544 Pa 578, 582, 679 A2d 217, 219; State v Gonzales, 940 P2d 185, 187-188 [NM].)
This court chooses to apply the reasoning and approach expressed by Chief Justice Rehnquist in his concurring and dissenting plurality opinion in Dixon and Foster (509 US 688, supra).[7] "The essence of that * * * opinion is that in applying the Blockburger test, a court must compare the elements of contempt of court in the most literal sense and not the terms of the particular court order involved, with the elements of the substantive criminal charges involved. According to Chief Justice Rehnquist, contempt of court will always comprise the following two elements: (1) a court order made known to the defendant, and (2) willful violation of that order.” (Commonwealth v Yerby, 544 Pa, at 584, 679 A2d, at 220, supra.)
Other jurisdictions have adopted this approach in the domestic violence context permitting a criminal prosecution for a substantive crime following a finding that the defendant had violated a protective order based on the same conduct. (People v Allen, 868 P2d 379 [Colo]; People v Benson, 256 Ill App 3d *593 560, 627 NE2d 1207; State v Miranda, 644 So 2d 342 [Fla] [focus in analyzing offenses for double jeopardy violation is on statutory elements of offenses, not on accusatory pleading or proof to be addressed at trial in particular case]; State v Gonzales, 940 P2d 185, supra.)
Applying the same elements test to the Arnold indictment, it is clear that the court need consider only the crimes alleged to have occurred on April 15, 1995, stemming from the same incident that was the basis of the Family Court proceeding finding a violation of the protective order. The crime of criminal contempt in the second degree (count 5) is dismissed on double jeopardy grounds as the previous proceeding in the Family Court for contempt was criminal and based on the same two elements — knowledge of an existing court order and a willful violation of such order. (See, People v Columbo, 31 NY2d 947, on remand from 405 US 9; but see, Penal Law § 215.54.) Although the Family Court’s order was minute in finding that the defendant violated the order of protection, the allegations contained in the petition alleging the violation did not include any allegations of assault or burglary as a basis for violating the order of protection. The violation of the protective order was based on an allegation that Arnold forced his way into his wife’s home and menaced her with a knife in violation of the order of protection. Thus even when utilizing Justice Scalia’s application of the same elements test in Dixon (supra), the top counts of burglary in the first and second degrees and criminal possession of a weapon in the fourth degree will survive. The violation of the order of protection must be willful, but does not include the elements of the burglary or weapons statutes (Penal Law §§ 140.25, 140.30, 265.01), namely the unlawful entry into a building with the intent to commit a crime or the possession of a weapon with intent to use unlawfully against another. As to the counts relating to assault, it is unclear what Justice Scalia’s position would be in this case, since this court does not interpret the word "assault” in the protective order as necessarily meaning assault under Penal Law article 120. (See, United States v Dixon, 509 US, at 700, n 3 [Scalia, J.]) Thus all the crimes that Arnold is alleged to have committed on April 15, 1995 are not barred by constitutional double jeopardy principles under Chief Justice Rehnquist’s application of the same elements test in Dixon which is adopted by this court. The crime of criminal contempt in the second degree (count 5) is hereby dismissed based on the same elements test.
Similarly in applying the Blockburger test to Triuck, the court need only consider the counts alleged to have occurred *594 on October 22 and October 23, 1996, arising from the same incidents that were the basis of the Family Court’s finding that Triuck violated the order of protection.
The criminal contempt in the first degree counts of October 22, 1996 all allege in pertinent part that the defendant "in violation of an order of protection that the defendant has actual knowledge by virtue of being in Court when such order was issued or by being served with such order, the defendant committed” certain acts. (Penal Law § 215.51 [b] [i], [vi].) The defendant having been found to be in violation of the Family Court’s order of protection cannot be tried for the charges of criminal contempt in the first degree occurring on October 22, 1996. (People v Colombo, 31 NY2d 947, supra.) Thus counts 6, 7 and 11 of the Triuck indictment are dismissed. Moreover, criminal contempt in the second degree (Penal Law § 215.50 [3]) is a lesser included offense of criminal contempt in the first degree (Penal Law § 215.51). Criminal contempt in the second degree under the Penal Law contains the same elements as the Family Court Act counterpart. (See, Family Ct Act §§ 846, 846-a.) Even prior to Dixon (supra), the Supreme Court relying on Blockburger (supra) has held that a subsequent prosecution for a greater offense after a conviction for a lesser included offense violated the Double Jeopardy Clause because the two are the same statutory offenses.[8] (Brown v Ohio, 432 US 161, 166, supra.)
With regard to the counts charging Triuck with custodial interference in the second degree, a trial for this charge would not violate his "double jeopardy rights”. Under Chief Justice Rehnquist’s application of the same elements test which is adopted by this court, custodial interference does not contain the same elements as a violation of the order of protection. Also even under Justice Scalia’s application of the same elements test, there is no violation of double jeopardy. The order of protection did not incorporate the statutory elements of custodial interference. The order to "stay away from their child” contains an element not present in custodial interference, and similarly, custodial interference contains elements not found in an order "to stay away”.
For the same reasons, whether under Chief Justice Rehnquist’s or Justice Scalia’s application of the same elements test, a trial on endangering the welfare of a child would not violate defendant’s double jeopardy rights.
*595 With regard to the menacing charge under Chief Justice Rehnquist’s standard, the Double Jeopardy Clause would not be violated by trying Triuck. It is unclear whether a trial would be barred, under Justice Scalia’s application of the same elements test, since this court does not interpret the word "menacing” in the order of protection to mean menacing under the Penal Law. (See, United States v Dixon, 509 US, at 700, n 3, supra.)
While all jurisdictions are bound to follow the Supreme Court’s reaffirmation of the same elements test and its rejection of the same conduct test, the Court of Appeals has been quick to underscore New York’s expanded statutory double jeopardy protection against separate prosecutions for " 'two offenses based upon the same act or criminal transaction’ ”. (People v Latham, 83 NY2d 233, 237; Penal Law § 40.20.) It. is clear that the charges of the respective indictments that do survive each defendant’s motion to dismiss all fall under an exception to New York’s same transaction rule. (See, CPL 40.20 [2] [a], [b].)
Defendant Triuck further contends that all charges contained in the indictment should be dismissed as all were joinable in the Family Court proceeding under the Criminal Procedure Law as being based on the same criminal transaction (see, CPL 40.40 [1], [2]; 200.10, 40.10). CPL 40.40 (1) provides that if two or more offenses are joinable in a single "accusatory instrument” under CPL 200.20 (2), and the prosecution fails to join all those offenses, then a second trial is barred. CPL 1.20 (1) defines the term "accusatory instrument”. A Family Court petition under section 846 is not an "accusatory instrument” as defined by CPL 1.20. Thus, there existed no "accusatory instrument” in which the counts of this indictment could have been joined.
The fact that section 812 of the Family Court Act would have permitted prosecution for the menacing and assault counts does not alter the result. No proceeding was ever commenced under that provision. There was no proceeding into which those counts could have been consolidated.
In addition, Family Court Act § 846 (b) (ii) does not permit the Family Court to adjudicate crimes under the guise of a violation of an order of protection. That section is very specific that during a proceeding for violation of an order of protection there can be no adjudication as to whether a crime has been committed other than to determine whether a protective order has been violated. This particular section dealing specifically *596 with orders of protection controls over any general statute, such as CPL 40.40 (see, People v Lawrence, 64 NY2d 200, 204; People v Mobil Oil Corp., 48 NY2d 192, 200).
The Legislature contemplated separate "prosecutions” for violation of the order of protection and for the substantive crime upon which the violation is based. This being the legislative intent, it would be disingenuous to maintain that the Legislature also intended to bar a second trial that is specifically contemplated by Family Court Act § 846 (b) (ii) (B).
Although the violation of the order of protection proceeding under article 8 of the Family Court Act may be considered a prior prosecution for constitutional double jeopardy analysis, it may not qualify to be a prior prosecution under the expanded State statutory double jeopardy protection. (Matter of Dutchess County Dept. of Social Servs. v James F., 141 Misc 2d 309 [double jeopardy protection under statute is subject to the precise procedural definitions which appear to be narrower than those provided in the United States Constitution].)
Finally, Triuck contends that the indictment should be dismissed because of the prosecution’s improper and prejudicial questioning of defendant in the Grand Jury. Triuck maintains that on cross-examination, the Assistant District Attorney elicited that Mr. Triuck had appeared in Family Court on Thursday, January 30, 1997, regarding allegations that he had violated the instant order of protection on some of the same dates which were the subject of the Grand Jury proceeding. Triuck further maintains that the prosecution elicited that he had testified in that Family Court proceeding, and that after hearing his testimony the court had found him in willful violation of the order of protection.
A defendant who testifies to the Grand Jury is not entitled to a Sandoval hearing on his prior misconduct to determine what other offenses may be used on cross-examination (People v Hawkins, 216 AD2d 414, 415; People v Thomas, 213 AD2d 73). Furthermore, any prior immoral acts by the defendant may be utilized on cross-examination for impeachment purposes in order to aid in the Grand Jury’s determination of the defendant’s credibility (People v Smith, 87 NY2d 715, 718; People v Gonzalez, 201 AD2d 414, 416; People v Burton, 191 AD2d 451).
However, the prosecution in eliciting defendant’s prior bad acts should be cautious in introducing evidence that a judicial determination has been previously reached based on the same incidents that the Grand Jury is being asked to consider. Here, *597 the cross-examination of the defendant by the prosecution did not amount to an unfair presentation, nor did it impair the integrity of the Grand Jury proceeding.
Accordingly, defendant Arnold’s motion to dismiss indictment No. 5167/95 is granted only as to count 5. Defendant Triuck’s motion to dismiss indictment No. 589/97 is granted only as to counts 6, 7, and 11.
This opinion constitutes the decision and order of this court.[9]

. The Arnolds’ marriage was terminated by divorce on December 13, 1995.

. The actual dates were furnished in a bill of particulars upon demand by Triuck.

. Arnold in his motion papers raises only a constitutional double jeopardy challenge. The People, however, in their answering papers acknowledge the implication of the State double jeopardy statute.

. The Double Jeopardy Clause of the Fifth Amendment provides "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb”. (US Const 5th Amend.)

. In Walker (supra), a 27-month sentence of incarceration for multiple violations of order of protection was permitted even though the maximum authorized sentence was six months. Consecutive sentences were held to be properly imposed by looking to analogous common-law rules relating to concurrent and consecutive sentencing regimens for penal violations due to punitive nature of statute.

. The same conduct test "bars a[ny] subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.” (Grady v Corbin, 495 US 500, 510.)

. This opinion was joined by Justices O’Connor and Thomas. A majority voted to reinstate the same elements test. However, the five Justices agreeing to dismiss the assault charge in Foster (supra) and the drug charges in Dixon (supra) included only two who did so while applying their version of the same elements test. The other three Justices were dismissing these charges based on the same conduct test under Grady v Corbin (495 US 508, supra), expressly rejected by a majority of the Court.

. Double Jeopardy Clause also bars prosecution of lesser crime after conviction of greater crime. (Harris v Oklahoma, 433 US 682.)

. This court encourages appellate clarification as to the appropriate test to be employed under these circumstances, and in light of the divergent opinions of the Nation’s highest Court. The court realizes expeditious appellate review is available to defendants by way of a CPLR article 78 proceeding (see, Matter of Wiley v Altman, 52 NY2d 410, 412, n 2; Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, 37 NY2d 560, 564).