[698 NYS2d 122]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WOOD, Appellant.

Fourth Department, November 12, 1999

## APPEARANCES OF COUNSEL

*R. Adrian Solomon,* Rochester, for appellant.

*Howard R. Relin, District Attorney* of Monroe County, Rochester (*Patrick H. Fierro* of counsel), for respondent.

## OPINION OF THE COURT

Callahan, J.

Defendant was convicted following a jury trial of five counts each of criminal contempt in the first degree (Penal Law § 215.51 [c]) and aggravated harassment in the second degree (Penal Law § 240.30 [2]). The conviction arises from defendant having telephoned his ex-wife on five occasions on December 25, 1996 with no purpose of communication and in violation of an order of protection. At issue on this appeal is whether the criminal prosecution in Supreme Court on criminal contempt charges constituted double jeopardy where Family Court had previously found defendant guilty of contempt for willfully violating a Family Court order of protection based upon the same underlying conduct.

There is no appellate case in New York resolving the double jeopardy issue raised on this appeal. The issue is addressed, however, in a well-reasoned opinion by Justice Leventhal in *People v Arnold* (174 Misc 2d 585), with which we agree, and we accept that court's invitation to establish appellate authority on the issue.

Defendant's ex-wife had requested and obtained two orders of protection, one from Rochester City Court (Geraci, Jr., J.) and the other from Monroe County Family Court (Sciolino, J.). Both orders directed defendant to have "no contact whatsoever" with his ex-wife. The City Court order was filed and served upon defendant on February 9, 1996; the Family Court order was filed and served on December 11, 1996.

On December 25, 1996, defendant's ex-wife received 11 telephone calls at her home, between the hours of 1:30 A.M. and 4:20 A.M. Each time she answered the telephone, the caller hung up without engaging in any conversation. Five of those calls were thereafter traced as originating from defendant's residence. Defendant's ex-wife commenced a proceeding in Family Court under article 8 of the Family Court Act alleging that defendant had violated the Family Court order of protection. After a trial, Family Court found defendant guilty of contempt for willfully violating the order of protection when he telephoned her on December 25, 1996. That court sentenced defendant to six months of incarceration for that violation.

Thereafter, on June 30, 1997, defendant was indicted for five counts each of criminal contempt in the first degree and aggravated harassment in the second degree and one count of harassment in the first degree. The criminal contempt and ag-

gravated harassment charges stemmed from the violation of the City Court order of protection as a result of those telephone calls to defendant's ex-wife on December 25, 1996.

Defendant moved to dismiss the criminal contempt charges on the ground of double jeopardy. In opposing the motion, the prosecutor noted that the Family Court proceeding was based on the Family Court order of protection, whereas the criminal proceeding was based on the City Court order of protection. Supreme Court denied the motion. After trial, the jury found defendant guilty of each of the five counts of criminal contempt in the first degree and aggravated harassment in the second degree. The court sentenced defendant as a second felony offender to concurrent indeterminate terms of 2 to 4 years on each criminal contempt count and definite terms of one year on each aggravated harassment count.

■ Defendant contends that his criminal prosecution for disobeying the City Court order of protection was a subsequent prosecution for the same offense of which he was found guilty in the Family Court proceeding. He contends that the subsequent prosecution violated the Double Jeopardy Clause in the Fifth Amendment of the US Constitution and the statutory protection against double jeopardy in CPL 40.20 (2). The People contend that the charge of criminal contempt in the first degree contains an additional element, which sets it apart from the Family Court charges and satisfies the constitutional and statutory prohibition against double jeopardy.

The Double Jeopardy Clause of the Fifth Amendment provides: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb" (US Const 5th Amend). "Historically, the primary function of the Double Jeopardy Clause has been to bar consecutive prosecutions and multiple punishments for the same offense" (*People v Roach,* 226 AD2d 55, 57-58). Our Court has recognized that, in certain instances, "the imposition of civil sanctions can constitute punishment for underlying criminal conduct, thereby triggering the protections of the Double Jeopardy Clause" (*People v Roach, supra,* at 58). In cases where a defendant claims that a civil penalty was tantamount to a criminal punishment, "courts should consider 'whether a civil sanction, in application, [is] so divorced from any remedial goal that it constitutes "punishment" for the purpose of double jeopardy analysis'" (*People v Roach, supra,* at 58, quoting *United States v Halper,* 490 US 435, 443).

Defendant was subject to a proceeding under article 8 of the Family Court Act (*see,* Family Ct Act §§ 846, 846-a). "Article 8

is a 'civil proceeding * * * for the purpose of attempting to stop the violence, end the family disruption and obtain protection'" (*People v Arnold, supra,* at 590, quoting Family Ct Act § 812 [2] [b]). Typically, "[a] civil contempt penalty is imposed 'not to punish but, rather, to compensate the injured private party or to coerce compliance with the court's mandate'" (*Matter of Department of Hous. Preservation & Dev. v Deka Realty Corp.,* 208 AD2d 37, 42). The Court of Appeals, however, has construed article 8 of the Family Court Act as being punitive in nature (*see, Matter of Walker v Walker,* 86 NY2d 624, 629; *cf., People v Roselle,* 84 NY2d 350, 358-359 [holding that article 10 of the Family Court Act does not create a double jeopardy bar to subsequent criminal prosecution for the same conduct]).

The accepted method for determining whether a civil penalty constitutes punishment is the test found in *United States v Ursery* (518 US 267). That test involves a two-prong analysis to determine whether a civil sanction is equal to a criminal sanction for the purposes of double jeopardy: "(1) whether the Legislature intended the proceeding to be criminal or civil in nature, and (2) whether the proceeding is so punitive that it '"may not legitimately be viewed as civil in nature"'" (*People v Roach, supra,* at 58, quoting *United States v Ursery, supra,* at 288).

Under that test, the incarceration penalty in article 8 of the Family Court Act should be viewed as a prosecution for double jeopardy purposes. The Legislature designed the statute to allow a proceeding either in Family Court or in a criminal court to obtain punishment for a party who violated an order of protection. Family Court Act § 846-a has been specifically construed as being punitive in nature (*see, Matter of Walker v Walker, supra,* at 629). When sentencing an alleged violator to jail, a Family Court Judge must determine that the petitioner proved the violation beyond a reasonable doubt (*see, People v Arnold, supra,* at 591, citing Besharov, Practice Commentary, McKinney's Cons Law of NY, Book 29A [1983 ed], Family Ct Act § 846-a, at 204). That standard, combined with a subsequent incarceration, renders the Family Court proceeding so punitive in nature that it may not be viewed as civil in nature (*see, People v Roach, supra,* at 58). The People concede that point in their brief.

Having determined that defendant has undergone two criminal prosecutions, we must next determine whether the prosecutions were for the same offense. The United States Supreme

Court has provided the "same elements test" for determining whether proceedings against a criminal defendant violated the Double Jeopardy Clause. When charges are brought against a defendant under two separate statutes for what appears to be the same underlying offense, "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not" (*Blockburger v United States,* 284 US 299, 304; *see also, United States v Dixon,* 509 US 688, 696 [reaffirming that, "where the two offenses for which the defendant is punished or tried cannot survive the 'same-elements' test, the double jeopardy bar applies"]). Although a clear majority of the Supreme Court adopted the "same elements" test in *Dixon (supra),* there was no majority opinion setting forth how the test should be applied. In *People v Arnold (supra),* Justice Leventhal relied on Chief Justice Rehnquist's concurring in part and dissenting in part plurality opinion in *Dixon (supra).* We agree that the same analysis should be applied in this case.

In applying the same elements test, it is necessary to examine the charge of criminal contempt (*see,* Penal Law § 215.51 [c]). "A person is guilty of criminal contempt in the first degree when * * * (c) he or she commits the crime of criminal contempt in the second degree as defined in [Penal Law § 215.50 (3)] by violating that part of a duly served order of protection, or such order of which the defendant has actual knowledge because he or she was present in court when such order was issued, under sections two hundred forty and two hundred fifty-two of the domestic relations law, articles four, five, six and eight of the family court act and section 530.12 of the criminal procedure law, or an order of protection issued by a court of competent jurisdiction in another state, territorial or tribal jurisdiction, which requires the respondent or defendant to stay away from the person or persons on whose behalf the order was issued, and where the defendant has been previously convicted of the crime of criminal contempt in the second degree by violating an order of protection as described herein within the preceding five years".

The elements of criminal contempt are twofold: (1) knowledge of an existing court order and (2) willful violation of that order (*see, People v Arnold, supra,* at 593). " '[A] court must compare the elements of contempt of court in the most literal

sense and not the terms of the particular court order involved, with the elements of the substantive criminal charges involved' " (*People v Arnold, supra,* at 592, quoting *Commonwealth v Yerby,* 544 Pa 578, 584, 679 A2d 217, 220 [interpreting Chief Justice Rehnquist's concurring in part and dissenting in part opinion in *United States v Dixon, supra*]). Additionally, the Supreme Court has held that a subsequent prosecution for a greater offense after defendant has been convicted of a lesser included offense violates the Double Jeopardy Clause (*see, Brown v Ohio,* 432 US 161, 168; *see also, Harris v Oklahoma,* 433 US 682 [Double Jeopardy Clause also bars prosecution of lesser crime after conviction of greater crime]).

Applying the same elements test to defendant's prosecution for criminal contempt in the first degree, we conclude that the only conduct involved is the making of telephone calls in the early morning of December 25, 1996. That was the same conduct that provided the basis for the Family Court proceeding in which defendant was found guilty of contempt for violating an order of protection. Here, as in *People v Arnold (supra),* defendant should not have been tried in criminal court for criminal contempt subsequent to the Family Court finding that he violated a court order of protection (*see, People v Colombo,* 31 NY2d 947).

The conviction of criminal contempt in the first degree (Penal Law § 215.51 [c]) under counts one through five of the indictment should be dismissed. Family Court Act § 846 is a lesser included offense of criminal contempt in the first degree. Once defendant was found guilty of the lesser included offense, the Double Jeopardy Clause prohibited the subsequent prosecution for the greater offense (*see, Brown v Ohio, supra,* at 168). Thus, defendant's conviction of criminal contempt in the first degree is unconstitutional.

The People assert that the criminal contempt charges are distinguishable because they stem from a different order of protection. We disagree. The City Court order of protection and the Family Court order were both violated when defendant made the phone calls. The criminal contempt and the Family Court contempt proceedings involved the same statutory elements being applied to the same conduct. The fact that the criminal charges stem from a separate but equivalent order of protection does not remove the issue from the Double Jeopardy Clause.

■ We further conclude that the criminal prosecution violated the statutory prohibition against double jeopardy (*see,*

CPL 40.20). The New York Legislature adopted CPL 40.20 because it was dissatisfied with the limited protection against separate prosecutions provided under the Federal Constitution (*see, People v Latham,* 83 NY2d 233, 237). Thus, CPL 40.20 (2) (b) is not simply a restatement of the *Blockburger* "same elements test." Pursuant to CPL 40.20 (2) (b), "A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless * * * [e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil." In our view, defendant's prosecution on the criminal contempt charges satisfies both prongs of the statutory test. The Family Court and City Court orders of protection were designed to prevent precisely the same "kinds of harm or evil," to wit, harassment of defendant's ex-wife by prohibited contact with her as well as vindicating the authority of the court that issued the order. Thus, defendant's subsequent criminal prosecution in Supreme Court violates the statutory protection against double jeopardy set forth in CPL 40.20 (2) (b).

Defendant also contends that the People did not properly join the aggravated harassment charges with the contempt charges under CPL 40.40 and that such charges were multiplicitous. The People contend that defendant's contention is unpreserved for our review. They further contend that, in any event, there were five separately traced phone calls that establish five separate transactions and thus that there is no multiplicity. They also contend that the harassment charges require proof of different elements than the contempt charges and thus that joinder would not have been appropriate. We agree with the People.

A person is guilty of aggravated harassment in the second degree when, "with intent to harass, annoy, threaten or alarm another person, he or she * * * [m]akes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication" (Penal Law § 240.30 [2]). "By its terms, Penal Law § 240.30 (2) imposes criminal liability for making a single telephone call" (*People v Shack,* 86 NY2d 529, 541). Although defendant raised the issue of multiplicity at trial, he failed to contend that the indictment was invalid due to the missing times of the phone calls, nor did he contend that the indictment failed to give him notice of the cause of the accusation. Thus, his present contention that the indictment was insufficient to give notice of the time of each phone call is un-

preserved for our review (*see, People v Iannone*, 45 NY2d 589, 600-601; *People v Johnson*, 233 AD2d 887, *lv denied* 89 NY2d 1095). Furthermore, because the five charges of aggravated harassment were each based on a separate phone call, regardless of their closeness in time, it was not improper for the District Attorney to charge defendant with five counts rather than one (*see,* CPL 40.20 [2] [a]; 40.40; *People v Shack, supra*). There was no need to join the aggravated harassment charges with the contempt charges because those crimes have different elements. The two types of charges did not violate the Double Jeopardy Clause (*see,* CPL 40.20 [2] [a]; 40.40; *Blockburger v United States, supra*).

Accordingly, the judgment should be modified by reversing that part convicting defendant of five counts of criminal contempt in the first degree, vacating the sentences imposed thereon and dismissing counts one through five of the indictment, and otherwise affirmed.

WISNER, J. dissents in part and votes to affirm in the following opinion in which PINE, J., concurs. We respectfully dissent in part and would affirm the judgment. In our view, the criminal prosecution of defendant in Supreme Court did not violate the constitutional prohibition against double jeopardy. The Double Jeopardy Clause prohibits multiple punishments for the same offense; it does not prohibit multiple punishments for the same conduct (*see, Blockburger v United States*, 284 US 299). If "each of the offenses contains an element which the others do not, they are not the 'same offense' under *Blockburger v United States* [*supra*] and, thus, any claim of constitutional double jeopardy necessarily fails" (*People v Bryant*, 92 NY2d 216, 229, n 3).

To establish that defendant failed to obey an order pursuant to Family Court Act § 846-a, proof was required that a "lawful order [was] issued under [article 8 of the Family Court Act]" and that defendant "willfully failed to obey [it]" (Family Ct Act § 846-a). On the other hand, Penal Law § 215.51, insofar as it is relevant to this case, provides that "[a] person is guilty of criminal contempt in the first degree when * * * (c) he or she commits the crime of criminal contempt in the second degree as defined in subdivision three of section 215.50 of this article by violating that part of a duly served order of protection, or such order of which the defendant has actual knowledge because he or she was present in court when such order was issued, under * * * section 530.12 of the criminal procedure law

\* \* \* and where the defendant has been previously convicted of the crime of criminal contempt in the second degree by violating an order of protection as described herein within the preceding five years." Thus, an essential element of that offense under the Penal Law is the existence of an "order \* \* \* issued, under \* \* \* section 530.12 of the criminal procedure law" (Penal Law § 215.51 [c]). Inasmuch as Family Court Act § 846-a requires proof of a "lawful order issued under [article 8 of the Family Court Act]" and Penal Law § 215.51 (c) requires proof of an "order \* \* \* issued, under \* \* \* section 530.12 of the criminal procedure law," the two offenses are not the same under the *Blockburger* test (*see, People v Popack*, NYLJ, May 29, 1991, at 29, col 4 [App Term, 2d Dept]).

Additionally, we reject defendant's contention that the criminal prosecution violates the statutory prohibition against double jeopardy (*see,* CPL 40.20). The criminal prosecution was permitted because its purpose was "very different" (CPL 40.20 [2] [b]) from the Family Court proceeding (*see, People v Bryant, supra,* at 226-230). This is defendant's second criminal contempt conviction within five years for violating a City Court order of protection. The purpose of the latest criminal prosecution was to vindicate the authority of City Court and to punish defendant as a repeat offender. The sole focus of the Family Court proceeding was to vindicate the authority of Family Court and to punish defendant for violating an order of that court. Family Court Act § 846-a contains no provision for the enhanced punishment of repeat offenders such as defendant.

GREEN, J. P., and BALIO, J., concur with CALLAHAN, J.; WISNER and PINE, JJ., dissent in part and vote to affirm in a separate opinion by WISNER, J.

Judgment modified, on the law, and as modified, affirmed in accordance with the opinion by CALLAHAN, J.