*117 OPINION OF THE COURT
Melchor E. Castro, J.
Citing the holding in People v Wood (260 AD2d 102), the defendant moves to dismiss a misdemeanor information charging him with assault, third degree (Penal Law § 120.00 [1]), on the ground that disposition of an article 8 petition in Family Court based on the same transaction constitutes former jeopardy. For the reasons stated herein, the court denies the motion.
On or about January 23, 2000, a misdemeanor information, charging the defendant with intentionally causing physical injury to Lori Brady on that day, was filed in the Rochester City Court. A family offense petition alleging the same conduct was filed in the Monroe County Family Court. The Family Court (Doran, J.) subsequently entered a dispositional order, consisting of an order of protection and requiring the defendant to attend and complete a domestic violence and substance abuse counseling program. The defendant appears to have been compliant with that order and no further proceedings have occurred in Family Court. Following entry of the dispositional order, the defendant moved to dismiss the misdemeanor information.
The facts in People v Wood (260 AD2d 102, supra) distinguish the application of the principle of double jeopardy there from those in the instant matter. In Wood, both the City and Family Courts issued orders of protection which the defendant allegedly violated. After trial, the Family Court found that the defendant wilfully violated the order of protection and committed the defendant to jail for six months. The defendant was also indicted and convicted in County Court for the same conduct. The conviction was subsequently reversed and the indictment dismissed on the ground that the prosecution constituted a violation of the Double Jeopardy Clause of the Fifth Amendment. The court held that the imposition of a civil incarceration penalty, under Family Court Act § 846-a, was a punitive sanction foreclosing criminal prosecution of the same act.
Family Court Act § 841 grants dispositional authority to the Family Court in family offense matters. Decidedly missing from the array of dispositional alternatives available under this section is the power to incarcerate (Matter of Neil M. v Gregory M., 71 Misc 2d 396; Matter of Ruth “S” v George “S”, 63 Misc 2d 1). Indeed, all the alternatives contained in Family Court Act § 841 are remedial in nature. Although the defendant characterizes the requirement to obtain drug and domes *118 tic violence counseling as a sanction, it is not punitive in nature, since its purpose is to ameliorate the roots of discord in the family and is not “so divorced from any remedial goal that it constitutes ‘punishment’ for the purpose of double jeopardy analysis.” (United States v Halper, 490 US 435, 443.)
The punitive sanction addressed in People v Wood (supra) functions only when a defendant violates a provision of a dispositional order and is returned to the court pursuant to a new petition alleging that violation (Family Ct Act § 846). At that point, the punitive sanctions available under Family Court Act § 846-a trigger the double jeopardy concerns discussed in Wood. Here, since no punitive sanction is authorized upon disposition of the petition under Family Court Act § 841, prosecution of the same act in a criminal venue does not constitute double jeopardy. The defendant’s motion is denied.