OPINION OF THE COURT
 

 Wesley, J.
 

 Defendant Timothy Wood’s ex-wife obtained two separate orders of protection — one issued pursuant to CPL 530.12 by Rochester City Court on February 9, 1996, and the other issued under Family Court Act article 8 by Monroe County Family Court on December 11, 1996. Both orders directed defendant to have “no contact whatsoever” with his former wife.
 

 During the early morning hours of December 25, 1996, defendant’s ex-wife received 11 prank phone calls. Each time she answered the telephone, the caller simply hung up. Five of the calls were traced to defendant’s residence. Defendant’s ex-wife then commenced a contempt proceeding in Family Court for defendant’s violation of the Family Court order. After trial, Family Court found defendant guilty of willfully violating the order of protection and sentenced him to six months incarceration.
 

 . Thereafter, defendant was indicted for five counts of criminal contempt in the first degree, five counts of aggravated harassment in the second degree and one count of harassment in the
 
 *512
 
 first degree. The criminal contempt and aggravated harassment charges were based on defendant’s violation of the City Court order of protection as a result of the same five phone calls. Opposing defendant’s motion to dismiss on double jeopardy grounds, the People argued that the Family Court contempt proceeding was based upon the violation of a different order of protection than that which served as a basis for the criminal contempt charge. Supreme Court denied the motion. After a jury trial, defendant was found guilty of each of the five counts of first degree criminal contempt and second degree aggravated harassment.
 
 [1]
 

 The Appellate Division, in a thoughtful opinion, reversed defendant’s conviction on the five counts of criminal contempt in the first degree and dismissed those counts of the indictment (260 AD2d 102). The majority held that the Double Jeopardy Clause prohibited the criminal prosecution, while two members disagreed that the subsequent criminal prosecution was for the same offense. The majority noted “[t]he City Court order of protection and the Family Court order were both violated when defendant made the phone calls”
 
 (id.,
 
 at 108). The dissenters maintained that the offenses were not the same inasmuch as proof of violations of two different orders of protection was necessary. A Judge of this Court granted the People leave to appeal, and we now affirm.
 

 We note at the outset that the problematic double jeopardy situation presented by this case has its genesis in the parallel family offense jurisdiction of Family Court and our criminal courts. This overlap is the key to our resolution of the issue at hand.
 

 Recognizing that domestic violence should be regarded as criminal behavior warranting strong intervention, the Legislature in 1994 amended the Family Court Act and the Criminal Procedure Law to provide criminal courts and Family Court with concurrent jurisdiction for certain enumerated criminal offenses when committed by one family member against another (s
 
 ee,
 
 Family Ct Act § 115 [e]; § 812 [1]; Criminal Procedure Law §§ 100.07, 530.11 [1]). Although a family member may choose to address the family offense in Family Court, a parallel criminal proceeding is also available
 
 (see,
 
 Family Ct Act § 813 [3]). Indeed, the Legislature specifically authorized a domestic violence victim to commence a proceeding in either
 
 or
 
 
 *513
 
 both Family Court and criminal court
 
 (see,
 
 Family Ct Act § 813 [3]; Criminal Procedure Law § 100.07). Each court has the authority to issue temporary or final orders of protection, as was the case here
 
 (see,
 
 Family Ct Act § 813 [2]; § 821-a [2] [b]; §§ 828, 841 [d]; § 842; Criminal Procedure Law § 530.12).
 
 [2]
 

 The Double Jeopardy Clause “protects only against the imposition of multiple criminal punishments for the same offense”
 
 (Hudson v United States,
 
 522 US 93, 99).
 
 [3]
 
 The “applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not”
 
 (Blockburger v United States,
 
 284 US 299, 304). If each of the offenses contains an element which the other does not, they are not the “same offense” under the rule enunciated by
 
 Blockburger
 
 and any claim of constitutional double jeopardy necessarily fails
 
 (People v Bryant,
 
 92 NY2d 216, 229, n 3). The test focuses on “the proof necessary to prove the statutory elements of each offense charged against the defendant, not on the actual evidence to be presented at trial”
 
 (People v Prescott,
 
 66 NY2d 216, 221;
 
 see also, United States v Dixon,
 
 509 US 688, 714-716 [Rehnquist, Ch. J., concurring in part and dissenting in part]).
 

 The application of the
 
 Blockburger
 
 test in this case is unusual in that two successive contempt prosecutions are involved, rather than prosecutions for contempt and an underlying substantive offense
 
 (see, United States v Dixon,
 
 509
 
 *514
 
 US 688,
 
 supra).
 
 A comparison of the two statutes in this case similarly reveals that
 
 each
 
 provision does not contain an additional element which the other does not. First degree criminal contempt contains the additional element of proof of a defendant’s prior contempt conviction and can be based on violation of an order of protection from one of several enumerated courts, including a Family Court order issued under article 8.
 
 [4]
 
 The Family Court contempt provision contains no other element different from Penal Law § 215.51 (c), but must be based on an order issued by Family Court.
 
 [5]
 
 As enumerated, the statutory elements of the Family Court provisions are subsumed by those of Penal Law § 215.51 (c).
 

 Because the same acts violated both orders, it would be impossible for defendant to be guilty of first degree criminal contempt for violating the City Court order of protection without concomitantly being guilty of contempt for violating the Family Court order of protection
 
 (see, McGovern v United States,
 
 280 F 73, 75-76 [7th Cir],
 
 cert denied
 
 259 US 580 [where two separate injunctions were filed by different authorities to suppress the same liquor nuisance, the court held that there should have been only one order, and that where the defendant had been punished for contempt for violating the injunction under one order, he could not again be punished for contempt under the second order because the same act violated the injunction in the other]).
 

 Moreover, under
 
 Blockburger,
 
 a lesser included offense is the “same” as a greater offense and, thus, the successive prosecution and cumulative punishment for a greater offense after conviction for a lesser included offense is barred by the Double Jeopardy Clause
 
 (see, Brown v Ohio,
 
 432 US 161, 166-167).
 
 *515
 
 Comparing the elements, we conclude that the contempt provision of the Family Court Act article 8 is clearly a lesser included offense of criminal contempt in the first degree. That the People sought to prove a violation of a City Court order and not a Family Court order does not, under these circumstances, alter the double jeopardy analysis under
 
 Blockburger.
 

 We conclude that defendant’s prosecution for criminal contempt in the first degree under Penal Law § 215.51 (c) is barred because he was previously prosecuted for contempt under Family Court Act article 8
 
 (see, McGovern v United States,
 
 280 F 73,
 
 supra; see also, People v Colombo,
 
 31 NY2d 947, 949 [defendant’s previous punishment for contempt under the Judiciary Law precluded a subsequent indictment for criminal contempt under the Penal Law];
 
 People v Arnold,
 
 174 Misc 2d 585, 593-594,
 
 supra
 
 [defendants could not be tried for the charges of criminal contempt in the first or second degree based on violation of Family Court order of protection after having been previously adjudicated in contempt under the Family Court Act for violation of that same order];
 
 Matter of S.A. [T.A.],
 
 NYLJ, Aug. 21, 1998, at 28, col 5 [Family Court proceeding for violation of Family Court order of protection was precluded by a prior second degree criminal contempt conviction in criminal court based on violation of the same order by the same conduct];
 
 accord, State v Buckley,
 
 83 Wash App 707, 924 P2d 40).
 

 The People cannot circumvent the double jeopardy bar simply by seeking to prosecute the criminal action for violation of another court order based on the same conduct. Indeed, if the separate origin of each court order were alone determinative, thereby removing subsequent prosecutions from double jeopardy protection, the constitutional prohibition would be eviscerated. The Legislature’s broad based attack on domestic violence which allowed parallel court proceedings in different venues was a recognition of the difficult task at hand — stemming the tide of domestic abuse between people locked in destructive relationships. The invocation of double jeopardy considerations in this case does not impinge on that goal; it merely recognizes that these orders of protection had one and the same purpose.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick and Rosenblatt concur.
 

 Order affirmed.
 

 [1]
 

 . The eleventh count of the indictment for harassment in the first degree was withdrawn.
 

 [2]
 

 . The 1994 amendments also changed the definition of first degree criminal contempt to include the violation of various protective orders, including orders issued under Family Court Act article 8, if the violator was previously convicted of second degree criminal contempt (see, L 1994, ch 222, § 47, adding Penal Law § 215.51 [c]).
 

 [3]
 

 . [1] The People conceded below (as acknowledged by the Appellate Division) that a finding of contempt pursuant to Family Court Act article 8 is punitive in nature, triggering double jeopardy protections. We concur with that concession. We have recognized that despite the “civil” legislative label
 
 (see,
 
 Family Ct Act § 812 [2] [b]), section 846-a, which provides for a penalty of incarceration for violation of Family Court orders, is punitive in nature
 
 (see, Matter of Walker v Walker,
 
 86 NY2d 624, 629 [holding that consecutive sentences of imprisonment are permitted for multiple violations of an order of protection];
 
 see also, People v Arnold,
 
 174 Misc 2d 585, 590-591). An adjudication for contempt under article 8 is properly characterized as punitive because it does not seek to coerce compliance with any pending court mandate, but rather imposes a definite term of imprisonment and punishes the contemnor for disobeying a prior court order
 
 (see, Hicks v Feiock,
 
 485 US 624, 632;
 
 Matter of Department of Envtl. Protection v Department of Envtl. Conservation,
 
 70 NY2d 233, 239).
 

 [4]
 

 . Under Penal Law § 215.51 (c), a person is guilty of criminal contempt in the first degree when he or she: “commits the crime of criminal contempt in the second degree * * * by violating that part of a duly served order of protection, or such order of which the defendant has actual knowledge because he or she was present in court when such order was issued, under [domestic relations law §§ 240 and 252], articles four, five, six and eight of the family court act and section 530.12 of the criminal procedure law, or an order of protection issued by a [foreign] court of competent jurisdiction * * * and where the defendant has been previously convicted of the crime of criminal contempt in the second degree by violating an order of protection * * * within the preceding five years.” In relevant part, a person is guilty of criminal contempt in the second degree by “[i]ntentional disobedience or resistance to the lawful process or other mandate of a court” (Penal Law § 215.50 [3]).
 

 [5]
 

 . Family Court Act § 846-a requires proof that a “lawful order [was] issued under [article 8]” and that defendant “willfully failed to obey [it].”