◼ In the Matter of CLARABELLE ALFEO, Also Known as CLARABELLE LoBLANCO, Appellant, v JOSEPH C. ALFEO, Respondent. [761 NYS2d 505] —In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Wright, J.), dated September 14, 2002, as, in effect, denied, without a hearing, her petition seeking an order of protection.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

The Family Court erred by, in effect, denying the petition without a fact-finding or dispositional hearing. The petitioner should have been given the opportunity to prove the alleged family offenses and aggravating circumstances which, if established, would have entitled her to a three-year order of protection against her husband (*see* Family Ct Act § 842; *Matter of V.C. v H.C.,* 257 AD2d 27 [1999]; *Matter of Eames v Eames,* 147 AD2d 696 [1989]).

Moreover, the Family Court erred in finding that it was precluded from granting the petitioner an order of protection because an order of protection had been issued by a criminal court. The Family Court and criminal courts have concurrent jurisdiction over certain family offenses (*see* Family Ct Act § 812 [1]). The Court of Appeals has noted that a domestic violence victim may "commence a proceeding in either or both Family Court and criminal court" and "[e]ach court has the authority to issue temporary or final orders of protection" (*People v Wood,* 95 NY2d 509, 512-513 [2000]; *see* Family Ct Act § 813 [2]; § 821-a [2] [b]; §§ 828, 841 [d]; § 842; CPL 530.12). While double jeopardy concerns may come into play where a

person allegedly wilfully violates an order of protection (*see* Family Ct Act § 846-a; *People v Wood, supra*), those considerations are not relevant where, as here, the petitioner is merely seeking an order of protection, a remedy which is not punitive and does not involve, at this stage, incarceration (*see People v Markidis,* 184 Misc 2d 116 [2000]; Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 832, at 236). Prudenti, P.J., Altman, Smith and Adams, JJ., concur.