OPINION OF THE COURT
John M. Leventhal, J.
Defendant stands charged in this indictment with one count of criminal contempt in the second degree (Penal Law § 215.50 *696 [3]), a class A misdemeanor, for writing a letter to the complainant in violation of an order of protection. Defendant and the People will be ready for trial within days.
The defendant maintains that his punishment, should he be convicted, is limited to three months’ imprisonment under the mandate of the Judiciary Law (see, Judiciary Law § 751).[1] The People maintain that defendant is subject to a one-year sentence of incarceration for class A misdemeanors under the Penal Law (see, Penal Law § 215.50 [3]; § 55.05 [2] [a]; § 70.15 [1]). Due process and fundamental fairness concepts mandate that defendant is entitled to know the maximum punishment that he will be facing in making his decision whether to proceed to trial or to enter a plea of guilty.
“The crime of ‘criminal contempt’ as defined by the Penal Law [§§ 215.50, 215.51] and prosecuted pursuant to the filing of an accusatory instrument must be distinguished from a court’s power, separate and apart from a criminal prosecution, to punish a person for a ‘criminal contempt’ as defined by the Judiciary Law [§ 750 (A)].” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 215.50, at 430 [“Judicial and Penal Contempt”].)
Although the definitions of the two contempts are substantially the same (compare Penal Law § 215.50 [3], with Judiciary Law § 750 [a]), the impositions and dispositions of contempt under the two statutes are markedly different.[2] At least one commentator, a noted expert in the field of contempt,[3] believes that criminal contempt under the Judiciary Law does not constitute a crime:
*697 “In fact, Judiciary Law criminal contempt proceedings are neither civil nor criminal. They are sui generis special proceedings to coerce future obedience or punish past disobedience. US Supreme Court decisions constituting and harmonizing the judicial contempt power with double jeopardy, petty offense and modern day conceptions of due process have not metamorphosed it into a crime.” (Gray, Judiciary and Penal Law Contempt in New York: A Critical Analysis, 3 J L & Pol’y 81, 89-90 [Brooklyn Law School 1994].)[4]
Contempt under the Judiciary Law (§ 750 et seq.) is the Legislature’s codification of the Judiciary’s inherent contempt power. The Legislature, however, has also enacted a criminal law which would also constitute a criminal contempt under the inherent powers of the court (see, Penal Law §§ 215.50, 215.51; see also, People ex rel. Munsell v Court of Oyer & Terminer of N.Y., 101 NY 245, 247-254 [1886]).[5] The Legislature has also conferred upon the court the power to sentence for contempt pursuant to the statutory scheme of the Penal Law (see, Penal Law § 215.50 [3]; § 55.05 [2] [a]; § 70.15 [1]). In fact, the Legislature has contemplated a situation where a defendant may be prosecuted for contempt under the Penal Law after an earlier adjudication for criminal contempt under the Judiciary Law (see, Penal Law § 215.54).[6]
Conclusion
The defendant in the matter sub judice is not charged with contempt pursuant to the Judiciary Law, but rather with *698 contempt under the Penal Law. This court is not bound by its inherent authority as memorialized by the Judiciary Law to sentence a defendant to a maximum of three months’ imprisonment pursuant to Judiciary Law § 751 (1). Rather, the defendant’s maximum exposure should he be convicted would be for one year incarceration as articulated in section 70.15 (1) of the Penal Law.

. Judiciary Law § 751 (1) reads in pertinent part: “Where the punishment for contempt is based on a violation of an order of protection issued under section 530.12 or 530.13 of the criminal procedure law, imprisonment may be for a term not exceeding three months.”

. While a violation of Penal Law § 215.50 is an indictable offense, a proceeding under the Judiciary Law is brought by way of order to show cause, which is not an accusatory instrument (Matter of Kuriansky v Azam, 151 Misc 2d 176 [1991]). Additionally, a finding of contempt under the Judiciary Law does not constitute a criminal conviction (People v McLeod, 150 Misc 2d 606 [1991]). Finally, while contempt under the Judiciary Law can be forgiven by the court, once a defendant is indicted under the Penal Law the court cannot dismiss the contempt charge by permitting the defendant to belatedly comply with the court order previously disobeyed (People v Leone, 44 NY2d 315 [1978]).

. See, e.g., Gray, Criminal and Civil Contempt: Some Sense of a Hodgepodge, 72 St. John’s L Rev 337 (1998).

. “The status of judicial criminal contempts has been the subject of ongoing debate.” (Id. at 89 n 32 [citations omitted]; but see, United States v Dixon, 509 US 688, 696 [1993] [for double jeopardy purposes, judiciary criminal contempt is a crime “in the ordinary sense”]; see also, People v Wood, 95 NY2d 509 [2000]; People v Arnold, 174 Misc 2d 585 [1997].)

. One must look to a statute for criminal contempt, not the common law (People ex rel. Munsell v Court of Oyer & Terminer of N.Y., 101 NY 245, 250 [1886]), even though criminal contempt is also known as common-law contempt (contempt, Black’s Law Dictionary 336-337 [8th ed 2004]).

. This, however, may run afoul of the defendant’s right not to be prosecuted twice or punished twice for the same offense (see, People v Wood, 95 NY2d 509 [2000]; People v Arnold, 174 Misc 2d 585 [1997]; see also, North Carolina v Pearce, 395 US 711, 717 [1969]). At the very least, the sentence imposed for the first contempt must be considered in sentencing for the second adjudication (Penal Law § 215.54; see also, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 215.50, at 430 [“Judicial and Penal Contempt”]).