■ In the Matter of Shawnmanne CC., a Child Alleged to be Neglected. Chemung County Department of Social Services, Respondent; Susan DD., Appellant. [645 NYS2d 607] —Mikoll, J. P. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered July 26, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, for temporary custody of respondent's child pending further proceedings.

In this proceeding petitioner sought temporary removal of respondent's newborn child Shawnmanne CC., pursuant to Family Court Act §§ 1012 and 1046 alleging that the child is in imminent risk of being neglected based on prior information regarding respondent. The petition is based upon Family Court's prior finding of abuse by the child's father toward another child of respondent, resulting in that child's death. Petitioner sought removal of Shawnmanne based on respondent's inability to protect her child.

The record discloses that respondent has refused to cooperate with petitioner. Respondent continued to disbelieve that

the father was responsible for the death of her other child and continued to associate with him even after he admitted the abuse of that child. Additionally, an autopsy of the other child indicated that he had a fractured rib which occurred some four to eight weeks before his death, the reason for which remains unexplained by respondent. Respondent also refused to cooperate with petitioner to permit access to Shawnmanne upon her birth. Family Court ordered the temporary removal of Shawnmanne based on the serious nature of respondent's prior conduct in regard to her other children until such time as respondent's ability to care for Shawnmanne is established. This appeal ensued.

Respondent contends that Family Court erred in denying her motion to dismiss since no proof of neglect of the child was established. We disagree. The term "neglected child" is defined to include children less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i]). The record establishes beyond question the imminent danger to Shawnmanne to justify her removal (see, Matter of Alfredo HH., 84 AD2d 860).

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.