■ In the Matter of Ashlee X. and Others, Children Alleged to be Permanently Neglected. Tompkins County Department of Social Services, Respondent; Dawn X., Appellant. [664 NYS2d 385] —Yesawich Jr., J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered September 28, 1995, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Three of respondent's children, Ashlee, Randy and Aaron, each of whom was previously found to have been neglected and placed in petitioner's custody, are the subject of these permanent neglect proceedings. Following a fact-finding hearing, at

which evidence was elicited as to petitioner's efforts to reunite respondent with her children and the steps taken by respondent to plan and prepare for their return, Family Court found the children to be permanently neglected. When respondent failed to appear at the dispositional hearing and could not be located, her absence was deemed an intentional default and petitioner's motion for an order terminating respondent's parental rights was granted.

The thrust of respondent's argument on appeal is an unconvincing claim that petitioner did not meet its burden of proving, by clear and convincing evidence, that she had failed to plan for the children's future (see, Social Services Law § 384-b [7] [a]; Matter of Christopher II., 222 AD2d 900, 901, lv denied 87 NY2d 812). According due deference to Family Court's resolution of the credibility issues presented by conflicting testimony (see, Matter of Shannon U., 210 AD2d 752, 754, lv denied 85 NY2d 807), the record evidence establishes that despite the substantial assistance provided by petitioner, respondent made, at most, a token effort to comply with the terms of her service plans, and consequently made little meaningful progress in acknowledging and addressing the children's special needs or improving her living situation and parenting skills, so as to enable her "to provide an adequate, stable home and parental care" (Social Services Law § 384-b [7] [c]).

Respondent's visitation with the children, and her participation in classroom meetings designed to provide her with information about Ashlee's emotional and developmental needs, was sporadic and inconsistent. She refused to admit that Ashlee suffered from ongoing emotional problems associated with posttraumatic stress disorder, or that Aaron had sustained injuries and experienced developmental delays as a result of having been physically abused by respondent's husband (with whom she apparently no longer associates). This unwillingness on respondent's part to recognize and address the children's particular, specialized needs was properly considered by Family Court as evidence of a failure to take the steps necessary to provide them with appropriate care (see, Matter of Jesus JJ., 232 AD2d 752, lv denied 89 NY2d 809; Matter of Elizabeth Q., 216 AD2d 628, 630, lv denied 86 NY2d 706).

In addition, the record demonstrates that respondent canceled or simply did not attend many of the parenting classes and counseling sessions that were arranged for her, and refused to admit that she has difficulty controlling her anger or accepting the help offered in connection with that problem. She was unable to establish a stable residence—one of the chief

goals of her service plans, particularly important here because of the children's increased need for consistency—and this difficulty was traceable to the fact that she repeatedly left or was fired from her employment, at times causing her to lose eligibility for welfare assistance. Taken together, these factors provide ample support for Family Court's determination that the children have been permanently neglected (*see, Matter of Matthew C.*, 216 AD2d 637, 638; *Matter of Shannon U., supra*, at 754).

As for the dispositional order, we reject petitioner's contention that because her attorney was present at the hearing, the order cannot be considered to have been entered on default. Counsel's mere presence, without making any attempt to actively participate in the hearing (by, for example, making or opposing motions, or offering proof), does not preclude a finding of default (*see, Matter of Semonae YY.*, 239 AD2d 716, 716-717). Because no direct appeal lies from an order entered on default (*see, Matter of Ashley X.*, 200 AD2d 911), that aspect of respondent's appeal need not be addressed.

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.