In the Matter of MARQUISE EE., a Child Alleged to be Neglected. COMMISSIONER OF THE CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SUSAN DD., Appellant. (Proceeding No. 1.) In the Matter of SHAWNMANNE CC. and Others, Neglected Children. COMMISSIONER OF THE CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SUSAN DD., Appellant. (Proceeding No. 2.) [683 NYS2d 637] —Mikoll, J. P. Appeals (1) from an order of the Family Court of Chemung County (Castellino, J.), entered July 23, 1997, which, *inter alia*, in a proceeding (No. 1) pursuant to Family Court Act article 10, set forth certain terms and conditions to be included in the order of fact finding and disposition, and (2) from an order of said court, entered July 23, 1997, which, *inter alia*, granted petitioner's application, in a proceeding (No. 2) pursuant to Family Court Act article 10, finding respondent in willful violation of two orders of disposition.

Respondent has three children: Richard EE. (born in 1989),

Shawnmanne CC. (born in 1995) and Marquise EE. (born in 1997). A fourth child, Dontai, died in 1994 as a result of abuse by respondent's boyfriend, who is also the father of Shawnmanne. In June 1995, respondent consented to a finding of neglect with respect to Richard and he was placed in the custody of his maternal grandparents. In April 1996, an adjudication of derivative neglect was made with respect to Shawnmanne and he was placed in foster care.[1] Upon the birth of Marquise, petitioner obtained temporary custody pursuant to Family Court Act § 1027 and removed the infant to foster care with Shawnmanne. Underlying the neglect proceedings were the finding of abuse by Shawnmanne's father and respondent's concomitant inability to protect her children from danger.

Proceeding No. 1 relates to the neglect petition filed against respondent with respect to Marquise. In proceeding No. 2, petitioner alleged that respondent willfully violated the orders of disposition with respect to Richard and Shawnmanne requiring her to participate in and successfully complete parenting education and domestic violence programs, and to maintain a home environment free of, *inter alia*, domestic violence. A hearing upon both petitions was held on June 19, 1997, following which Family Court found respondent in willful contempt of the orders of disposition. At the subsequent dispositional hearing, the court granted the neglect petition as to Marquise and imposed conditions similar to those imposed in the orders pertaining to Shawnmanne and Richard. Upon the contempt finding, the court sentenced respondent to six months in jail, but suspended service of the sentence conditioned upon her faithful adherence to the required programs and continued employment. Respondent now appeals.

We note at once that respondent's appeal in proceeding No. 1 is not properly before us, as she failed to appeal from the order of fact finding and disposition entered August 14, 1997, which contains the adjudication of neglect addressed by respondent in her brief.[2] Were we to entertain the appeal in the interest of justice (*see*, Family Ct Act § 1118; CPLR 5520 [c]; *Matter of Charlene TT.*, 217 AD2d 274, 276, n 2), we would affirm the finding of neglect based upon the same evidence we find sufficient to support the contempt finding.

---

**1.** Affirming this custody order (229 AD2d 745), we noted that respondent's conduct in refusing to accept the fact that Shawnmanne's father caused the death of Dontai, as well as her refusal to cooperate with petitioner, justified the removal based upon imminent danger to the child.

**2.** Respondent filed a notice of appeal dated July 28, 1997 which indicates that she is appealing from an order entered July 23, 1997. This order sets forth certain terms and conditions to be included in the subsequently entered order of August 14, 1997.

Turning to the appeal in proceeding No. 2, we first briefly address respondent's argument that a contempt finding is precluded because the terms and conditions of the orders of disposition lacked the requisite specificity (*see, Matter of Hoglund v Hoglund*, 234 AD2d 794, 795) and petitioner failed to demonstrate that the claimed violation "defeated, impaired, impeded, or prejudiced" its rights as required by Judiciary Law § 753 (A). In view of the specific provisions in Family Court Act § 1072 for punishment upon a finding, after a hearing, of a willful violation of an order of supervision, the provisions of the Judiciary Law with respect to contempt proceedings do not apply (*see*, Family Ct Act § 156). Further, a review of the orders discloses that they sufficiently apprise respondent what was required of her. She was expressly ordered to attend, participate in and successfully complete a domestic violence program and parenting education class. That she understood these conditions is evidenced by her enrollment in these programs.

Although we disagree with Family Court's finding with respect to the parenting program, we find ample evidence to support its ultimate conclusion that she willfully violated the conditions of the orders of disposition. Respondent enrolled in a 16-week parenting class but missed six classes, only two of which were excused absences. She was not terminated from the program, however, and in fact received a "Certificate of Participation" attesting that she had completed it. We therefore do not share Family Court's opinion that based on the four unexcused absences, respondent evinced a wholesale unwillingness and indifference to the need for the program so as to justify a finding that she willfully violated that condition of the order of disposition.

We reach a different conclusion, however, with respect to respondent's failure to comply with the order as to the domestic violence program, where she attended only three of eight sessions, and it was determined that she was not actively participating in the classes. Sporadic attendance at programs designed to assist the parent is evidence of a failure to take steps necessary to address the problems leading up to the removal of the children (*see, Matter of Ashlee X.*, 244 AD2d 707, 708). Here, the very basis upon which respondent's children were removed was her boyfriend's violence culminating in the death of one of her children. The domestic violence program component of the order of disposition was designed to assist her in choosing and maintaining violence-free relationships. Her failure to regularly attend and meaningfully participate in this program indicates that she is unwilling or unable to take the steps necessary to assume responsibility for her children.

Family Court's determination was also based upon evidence that respondent failed to maintain a safe and stable home environment, and was not forthcoming with her caseworkers concerning her relationships with men. Police Officer Gary Miller testified that in December 1996, when he responded to a burglary in progress call at respondent's residence, she advised him that an ex-boyfriend, Ricky Jackson, had attempted to break in and that he had hit her a month earlier. Present in respondent's apartment at the time was another individual, Ian Brown, whom respondent identified to Miller as her boyfriend. Jackson, incarcerated at the time of the hearing for the assault of another female, testified that he had a romantic relationship with respondent prior to the incident, and that respondent told him he was the father of the child she was then carrying. He further testified that respondent was aware of his criminal history as well as his violent temper. With respect to the incident to which Miller testified, Jackson admitted that he broke several windows in respondent's apartment after seeing another man inside.

In her hearing testimony, respondent denied any romantic relationship with either Jackson or Brown and denied making the statements to which Miller testified. Family Court, however, rejected respondent's testimony as largely incredible and self-serving, and we defer to its resolution of credibility issues presented by conflicting testimony (*see, Matter of Ashlee X., supra*, at 708; *Matter of Gina RR.*, 197 AD2d 757, 758). Respondent's argument that she neither caused nor contributed to the violent incidents underlying Family Court's findings misses the point. The fact remains that respondent's associations and relationships constitute a proven threat to the safety of respondent and her children, and the record suggests that she has made scant progress in addressing this issue. Her unwillingness to disclose and discuss current relationships casts doubt on her acknowledgment of the problems that resulted in the tolerance of violence against her children in the past (*see, Matter of Michael RR.*, 222 AD2d 890, 892). We note that respondent has made progress in other aspects of her life. Credible evidence established that she actively maintained a regular, positive relationship with her children, kept a clean home and had begun to cooperate with her therapist. Her good parenting skills, however, are of little value if plied in a home environment fraught with violence and danger.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.