■ In the Matter of EDDIE J., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; CONCHITA J., Appellant. (Proceeding No. 1.) In the Matter of PORTIA J., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; CONCHITA J., Appellant. (Proceeding No. 2.) [756 NYS2d 479] —In two related neglect proceedings pursuant to

Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Lubow, J.), dated December 24, 2001, which, upon a fact-finding order of the same court, dated May 5, 1998, entered upon her default in appearing at the fact-finding hearing, finding that she had neglected the subject children, placed them in the custody of the Administration for Children's Services of the City of New York for a period of 12 months.

Ordered that the appeal is dismissed, without costs or disbursements.

The dispositional order expired by its own terms in December 2002. Thus, the appeal from so much of the order of disposition as placed the children with the petitioner must be dismissed as academic (*see Matter of Chavi S.,* 269 AD2d 454 [2000]; *Matter of Barbara S.,* 261 AD2d 408 [1999]). Generally, this would not preclude review of the fact-finding order (*see Matter of Chavi S., supra* at 454). However, the fact-finding order was entered on the mother's default (*see Matter of Eddie J.,* 273 AD2d 239 [2000]; *Matter of Vanessa M.,* 263 AD2d 542 [1999]; *Matter of Ashlee X.,* 244 AD2d 707 [1997]). Thus, the finding of neglect cannot be reviewed since no appeal lies from an order that is entered on the default of the appealing party (*see* CPLR 5511; *Matter of Chavi S., supra* at 454). Accordingly, the entire appeal must be dismissed (*see Matter of Chavi S., supra* at 454). S. Miller, J.P., Goldstein, Adams and Rivera, JJ., concur.