■ In the Matter of PAUL MICHAEL G., a Child Alleged to be Permanently Neglected. PAUL N.G., Appellant; THE CATHOLIC HOME BUREAU, Respondent. [828 NYS2d 377]—

Order of disposition, Family Court, Bronx County (Douglas Hoffman, J.), entered on or about December 2, 2005, which terminated the father's parental rights on a finding of permanent neglect, and committed custody and guardianship of the subject child to the Commissioner of Social Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

An agency has a statutory obligation to make diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b [7] [a]; *Matter of Jamie M.*, 63 NY2d 388, 390 [1984]). The record shows that the agency satisfied that statutory duty by developing a realistic plan tailored to the father's needs, which involved referrals to parenting skills programs, scheduling of visitation, assistance in finding adequate housing, and encouragement to attend drug treatment and psychological programs. Nevertheless, diligent efforts do not require that the agency become "a 24-hour babysitter and constant hand holder" (*id.* at 393). Parents must assume a measure of initiative and responsibility on their own; they have a duty to plan for their child's future. Failure to utilize medical, psychiatric, psychological and other social and rehabilitative services and material resources will be taken into account in determining whether that statutory responsibility has been satisfied. The father's refusal to undergo psychiatric evaluation

during the relevant period, combined with the absence of any concrete evidence that he actually obtained adequate housing or completed parental training, supports the Family Court's finding that he failed to plan for the child's future within the meaning of Social Services Law § 384-b (7) (c).

Even crediting the father's assertions that he completed a parenting program and obtained adequate housing after the finding of neglect, such relatively recent efforts to comply with the agency's recommendations were insufficient to warrant an alternative disposition, such as a suspended judgment (*see Matter of Charles Curbelo C.*, 12 AD3d 270 [2004], *lv denied* 4 NY3d 706 [2005]). Virtually all the child's life has been spent in his preadoptive foster home, where he has done well and his special needs have been met (*see Matter of Martin P.J.S.*, 2 AD3d 106 [2003]). Under these circumstances, we cannot conclude that it would serve his best interests to prolong foster care; accordingly, the adoptive process should proceed (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]).

We have considered the father's remaining arguments and find them without merit. Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.