■ In the Matter of TYRIA W. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JULIE W., Appellant. In the Matter of SHAKIA W. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JULIE W., Appellant. (Proceeding No. 2.) In the Matter of TYREEK W. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JULIE W., Appellant. (Proceeding No. 3.) [838 NYS2d 184]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from (1) a fact-finding order of the Family Court, Nassau County (Zimmerman, J.), dated October 26, 2005, which, after a fact-finding hearing, found that she permanently neglected the subject children, and (2) an order of disposition of the same court dated December 14, 2005, which, after a dispositional and permanency hearing, terminated her parental rights, approved the permanency goal of adoption and, in effect, transferred guardianship and custody of the subject children to the petitioner for the purpose of adoption.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant is the biological mother of the three children at issue in this case. The children, triplets who were born in 1995 with a positive toxicology for opiates, were put into foster care almost immediately after birth, and have remained with the same foster parents since that time. Although the appellant, incarcerated intermittently from 1996 to 2004, briefly visited the children shortly after they were born, she has not had contact with them since October 1997.

The appellant was made aware at the beginning of 1996 that, in order to be reunited with her children, she had to complete a drug treatment program and take a parenting skills class. Despite having been referred to programs by the petitioner, the ap-

pellant did not complete these requirements until 2002. From late 1997 until 2002, the appellant's whereabouts were unknown to the petitioner. Under the circumstances, the petitioner met its burden of establishing that, despite its diligent efforts to encourage and strengthen the parental relationship, the appellant failed to plan for the future of her children (*see Matter of Star Leslie W.*, 63 NY2d 136, 143-144 [1984]; *Matter of Darlene L.*, 38 AD3d 552, 555 [2007]; *Matter of Gregory Michael M.*, 167 AD2d 469, 470-471 [1990]).

Although the appellant eventually completed the required drug treatment program and parenting skills class, these recent efforts to comply with the service plan "were insufficient to warrant an alternative disposition, such as a suspended judgment" (*Matter of Paul Michael G.*, 36 AD3d 541, 542 [2007]). Almost all of the children's lives have been spent in foster care, and it is not in their best interests to prolong that arrangement.

The appellant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Miller, J.P., Crane, Ritter and Lifson, JJ., concur.