█ In the Matter of CARMEN L. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC M., Appellant. (Proceeding No. 1.) In the Matter of VANESSA M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC M., Appellant. (Proceeding No. 2.) In the Matter of NATHANIEL M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC M., Appellant. (Proceeding No. 3.) In the Matter of VICTORIA M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC M., Appellant. (Proceeding No. 4.) [852 NYS2d 784]—

The order extending supervision of the father by the Suffolk County Department of Social Services expired by its own terms on December 8, 2007. Thus, the appeal from that order must be dismissed as academic (see Matter of Eddie J., 303 AD2d 587, 588 [2003]; Matter of Chavi S., 269 AD2d 454 [2000]). Under other circumstances, this would not preclude review of the fact-finding order, which found that the father violated a prior order of supervision (see Matter of Eddie J., 303 AD2d at 588), however, here the fact-finding order was entered on the father's

default (*see Matter of Cynthia Hope A.,* 36 AD3d 803, 804 [2007]; *Matter of Vanessa M.,* 263 AD2d 542, 543 [1999]; *Matter of Ashlee X.,* 244 AD2d 707, 709 [1997]). Thus, the finding that he violated a previous order of supervision cannot be reviewed because no appeal lies from an order that is entered on the default of the appealing party (*see* CPLR 5511; *Pinchas v Pinchas,* 19 AD3d 673, 674 [2005]; *Matter of Chavi S.,* 269 AD2d 454 [2000]). Spolzino, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.