In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, and the mother separately appeals, from an order of fact-finding and disposition of the Family Court, Kings County (Ruiz, J.), dated April 13, 2009, which, after a fact-finding hearing at which they failed to appear, and after a dispositional hearing, found that each of them permanently neglected the subject child, terminated each parent’s parental rights, and transferred custody and guardianship to the Commissioner of Social Services of the City of New York and the New York Foundling Hospital for the purpose of adoption.
Ordered that the appeals from so much of the order of fact-finding and disposition as found that the parents permanently neglected the subject child, upon their default in appearing at the fact-finding hearing, are dismissed, without costs or disbursements; and it is further,
Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeals from so much of the order of fact-finding and disposition as found that the parents permanently neglected the subject child must be dismissed, as no appeal lies from an order entered on the default of the appealing party (see Matter of Carmen L., 49 AD3d 649 [2008]). However, because the parents did appear at and participate in the dispositional hearing, they may appeal from so much of the order of fact-finding and disposition as terminated their parental rights, and freed the child for adoption (see Matter of Leavon Marvin B., 60 AD3d 941 [2009]).
We agree with the Family Court’s determination that it was in the child’s best interest to terminate the parents’ parental rights and free her for adoption by the foster mother, with whom she has lived for virtually her entire life (see Matter of Daevon Lamar E, 48 AD3d 469 [2008]; Matter of Rutherford Roderick T, 4 AD3d 213 [2004]). While the parents presented evidence at the dispositional hearing of recent efforts to comply with the agency-formulated family service plan, it was insufficient to warrant an alternative disposition sucb as a suspended judgment (see Matter of Tyria W., 41 AD3d 859 [2007]; Matter of *1064 Paul Michael G., 36 AD3d 541 [2007]). Mastro, J.P., Dickerson, Roman and Sgroi, JJ., concur.