OPINION OF THE COURT
Ralph A. Fabrizio, J.
This issue before the court on this motion to renew and reargue, as it was at the time of the prior decision, is whether this criminal prosecution charging defendant with a single count of criminal contempt based on an allegation he violated a Supreme Court order of protection is barred from proceeding under both state law and federal constitutional double jeopardy principles based on the commencement of a civil hearing in a child neglect proceeding brought pursuant to article 10 of the Family Court Act. One of the allegations in the neglect proceeding involves defendant’s purported violation of an interim order of protection issued by a family court judge. In its earlier decision dated June 15, 2012, this court ruled, inter alia, that the claim of double jeopardy had not ripened because the Family Court hearing was, and in fact still is, ongoing, and no punitive sanction has been imposed. The court denies the motion to renew, but grants the motion for reargument. Upon reargument, based on the specific facts of this case and analysis of federal constitutional principles, the court reverses its original ruling to the extent of finding this prosecution is barred from proceeding as a matter of federal constitutional law.
The case extensively relied on by defendant in the initial motion and which he claims was “overlooked or misapprehended” by this court in its prior decision is People v Wood (95 NY2d 509 [2000]), which defendant still claims is the “controlling” case. *939 The court understands the Wood, holding, and in fact cited to that case and distinguished it from this case in its earlier decision. Wood is significantly different from the scenario presented here, and is not, in this court’s opinion, controlling authority as a matter of state or federal law. In that case, following a Family Court hearing brought under article 8 of the Family Court Act, a finding was made that the respondent, Mr. Wood, violated an order of protection previously issued by that court in a pending article 8 matter. The finding was that the violation occurred on December 25, 1996, when Mr. Wood made five “prank phone calls” to an individual he had been ordered not to have any contact with. He was sentenced to six months’ incarceration following the adjudication in Family Court. (Id. at 511.) Mr. Wood had also been indicted based on an allegation he violated an order of protection issued by the Rochester City Court. The Rochester order directed Mr. Wood to have no contact with the same person named in the aforementioned Family Court order. The indictment charged Mr. Wood with “five counts of criminal contempt [and] five counts of aggravated harassment ... as a result of the same five phone calls” made on December 25, 1996. (Id. at 511-512.)
In the criminal matter, the trial court denied Mr. Wood’s motion to dismiss the indictment on double jeopardy grounds. Mr. Wood was subsequently convicted in the criminal action on each of the five counts of criminal contempt and aggravated harassment, following a jury trial. The Court of Appeals found that “[bjecause the same acts violated both orders, it would be impossible for defendant to be guilty of first degree criminal contempt for violating the City Court order of protection without concomitantly being guilty of contempt for violating the Family Court order of protection.” (Id. at 514.) Thus, the Court held that the criminal contempt prosecution was barred because of the previous conviction “under Family Court Act article 8.” (Id. at 515.)
Here, on October 7, 2010, an interim order of protection was issued under section 1029 of the Family Court Act in connection with a civil child neglect proceeding brought under article 10 of that act. Five additional interim orders of protection were issued between that date and August 17, 2011. A subsequent neglect petition, a civil case also brought under article 10, alleges, inter alia, defendant violated those interim orders of protection based on conduct which is said to have occurred on January 4, 2011. The criminal case contains a single count alleging a viola *940 tion of an order of protection issued in Supreme Court, Bronx County, on May 26, 2011. Thus, one of the allegations in the civil pleading involves conduct which allegedly took place five months prior to the issuance of the order of protection defendant is accused of violating in this matter.
However, the Family Court petition also alleges defendant violated the Family Court order of protection on August 18, 2011.[1] The petition specifically states that on August 18, 2011, Administration for Children’s Services (ACS) caseworker Janice DeFelice made an “unannounced home visit” to defendant’s children’s apartment, she personally observed defendant “inside the subject residence,” defendant told the caseworker he “knew he was not allowed to be inside the subject residence,” and defendant’s children were present. The accusatory instrument in this criminal matter charging defendant with a single count of criminal contempt in the second degree is a sworn pleading signed by Ms. DeFelice. In that pleading, Ms. DeFelice alleges defendant violated the Supreme Court order of protection on August 18, 2011 “when she personally observed defendant inside defendant’s children’[s] apartment.”
To the extent the charge in the criminal case is based on one, but not all, of the events alleged in the civil petition, this scenario is somewhat similar to Wood. But, defendant is alleged to have violated the Family Court order of protection at a time when the Supreme Court had not yet issued its own order of protection, as well as on an occasion that is not charged in the information in this criminal action. And, in this court’s initial opinion, that scenario made it a factually different case from Wood, because no finding had yet been issued in Family Court that defendant violated that court’s order of protection on any occasion. In addition, given the panoply of civil remedies which can be imposed under article 10 of the Family Court Act, this court determined, based on Wood, that a double jeopardy violation could not be found until the outcome of the article 10 proceeding. (Cf. People v Allen, 6 Misc 3d 258, 261 [Sup Ct, Bronx County 2004] [“a disposition under Family Court Act § 841 for a proven violation of an order of protection is considered punitive in nature, thus triggering double jeopardy protections”], citing Wood, and People v Arnold, 174 Misc 2d 585 [Sup Ct, Kings County 1997].)
*941 Complicating matters under a Wood analysis is that there is no direct authority within article 10 for a family court judge to sentence an individual to a jail sentence for violating an interim order of protection. The purpose of article 10 is to protect children, and not to punish, criminally, individuals who commit acts of child abuse and neglect. The sanctions within article 10 which may be imposed in pending neglect proceedings are all civil in nature, and a criminal prosecution for the same acts of neglect following a finding in Family Court is therefore “not barred on constitutional double jeopardy grounds.” (People v Daniels, 194 AD2d 420, 421 [1st Dept 1993].) Under article 10, a family court judge is authorized to impose a six-month jail sentence only after both fact-finding and dispositional hearings have been held in a neglect proceeding, a final order of disposition has been entered, and the respondent is later found to have violated the terms of the order of supervision or an order of protection issued following the initial dispositional hearing. (Family Ct Act § 1072.)
In Wood, the Family Court case involved a family offense allegation, which was brought under article 8 of the Family Court Act. Section 846-a of the Family Court Act specifically authorizes a family court judge to impose a jail sentence following a finding that the respondent violated an interim order of protection issued under that article. Since the Family Court proceeding in this matter is brought pursuant to article 10, the People now argue that no jail sanction is authorized for a violation of an interim order of protection, and Wood is therefore wholly inapplicable.
While that is an important fact in further distinguishing Wood, a jail sentence is still authorized based on the allegations in the Family Court petition. Section 156 of the Family Court Act gives family court judges the right to punish an individual for violating any lawful order of that court with sanctions authorized under “the judiciary law, unless a specific punishment or other remedy for such violation is provided in this act or any other law.” Since article 10 is silent about what, if any, sanction may be imposed for violating an interim order of protection in a neglect proceeding, the family court judge is therefore authorized to impose a punitive sanction authorized under the Judiciary Law based on a contempt finding. (Cf. Matter of Marquise EE., 257 AD2d 699, 701 [3d Dept 1999].) Therefore, someone found to have violated an interim order of protection issued in a neglect proceeding brought under article 10 may be sentenced *942 to at least six months’ incarceration. (See Matter of Jason MM., 245 AD2d 892 [3d Dept 1997].)[2]
There is still the question of whether the mere commencement of the civil article 10 proceeding placed defendant in “jeopardy” in terms of barring this criminal action. In Wood, the respondent had been found to have violated article 8 of the Family Court Act and was sentenced to jail prior to the start of the criminal trial. Since it is possible for defendant to be found to have violated the Family Court order of protection on a date other than August 18, 2011, and be sentenced based on that finding alone, this court initially thought it prudent to wait until the outcome of the Family Court case before even considering a double jeopardy argument.
Defense counsel also muddied the waters in a court appearance on April 23, 2012. On that date, the People answered ready for trial, and were seeking to be sent out to a trial judge. They recommended a 30-day incarceratory sentence if defendant were to plead to the criminal contempt charge. Defense counsel asked the court to adjourn the case for a date shortly after May 7, 2012. He explained he believed defendant was about to accept a disposition in a Family Court proceeding and be sentenced to six months’ incarceration. Counsel indicated that would take place on May 7, 2012.[3] He also indicated he believed, after that disposition, his client would plead to the contempt charge and accept a 30-day sentence in the criminal matter if the sentences would run concurrently. Counsel persuaded the court that, under these circumstances, it would be a waste of precious judicial resources to send the criminal case out to trial on that date. The court granted the defense request and adjourned the case until May 11, 2012.
On that date, counsel told the court there had been no disposition in the Family Court matter. He also indicated he had just filed a motion to dismiss the instant action. In reality, two motions were filed. In one, defendant argued this case should be dismissed pursuant to CPL 30.30. In a separate, subsequent application, he moved to dismiss on “double jeopardy” grounds. *943 Counsel suggested, inter alia, that jeopardy attached in part because the ACS worker, Ms. DeFelice, began to testify in the Family Court proceeding on May 7, 2012. This court learned for the first time about the allegations in the amended article 10 Family Court petition, and learned the Family Court judge began taking evidence on March 5, 2012, and that the proceeding was a combined fact-finding hearing based on allegations in the initial and subsequent docketed neglect petitions. Counsel informed the court that the hearing was scheduled to continue for months into the future. It made no sense, under any legal analysis, that jeopardy could attach in mid-hearing when a certain witness testified.
The People argued the Wood rule should be limited to the same fact situation; namely, that a subsequent criminal prosecution for a violation of an order of protection should be barred only if the defendant had already been found to have violated a Family Court order of protection, and that finding was based upon the identical facts alleged in the criminal matter. Neither side provided any authority for the proposition that jeopardy would have already attached when the civil fact-finding proceeding under article 10 of the Family Court Act began. In his own motion, defendant advised this court that the Family Court case had been adjourned from May to a date in August 2012, and would be adjourned again past that date. The court at the time did not find authority for what it believed to be the relevant question — whether the mere commencement of a family court neglect proceeding alleging the violation of an interim order of protection issued pursuant to article 10 of the Family Court Act would bar this criminal case from continuing.
In his current motion to reargue, defense counsel has provided additional relevant authority, most specifically Breed v Jones (421 US 519 [1975]). Based on that authority, and its own continuing independent research, this court finds jeopardy has in fact attached based on the commencement of the Family Court Act article 10 combined fact-finding hearing, and, therefore, this criminal action is barred from continuing under federal constitutional “double jeopardy” principles. Breed involved both a civil juvenile delinquency proceeding in Juvenile Court in California and a criminal matter based on identical facts charging the same defendant as an adult with armed robbery in California Superior Court. The juvenile proceeding had begun, and all factual evidence relating to that proceeding had been received in Juvenile Court. However, no final disposition *944 was reached, and the case was then “transferred” to Superior Court. The defendant filed a petition for habeas corpus relief after being found guilty in Superior Court. The United States Supreme Court concluded that, even though the juvenile delinquency proceeding was civil in nature and no final adjudication had taken place, the criminal prosecution was barred. “Jeopardy attached when . . . the Juvenile Court, as the trier of the facts, began to hear evidence.” (Id. at 531.) The defendant in that case faced incarceration either in Juvenile Court or in Superior Court.
In New York, of course, juvenile delinquency proceedings, which are also civil in nature, can result in a respondent’s incarceration, and the Breed rule applies to these cases. (People v Holloway, 173 Misc 2d 857, 860-861 [Sup Ct, Rensselaer County 1997].) Moreover, in 1982, pursuant to Family Court Act § 303.2, as a matter of state law, the legislature provided that jeopardy principles can even bar a second juvenile delinquency proceeding in Family Court, and requires the family court judge to apply the same criteria listed in CPL article 40, which are used to determine whether statutory double jeopardy bars a subsequent criminal prosecution. (See also Matter of Fonseca v Judges of Family Ct. of County of Kings, 59 Misc 2d 492, 495-496 [Sup Ct, Kings County 1969].) No statute, however, addresses whether a subsequent proceeding under article 10 is barred in Family Court based on statutory double jeopardy principles, and this decision cannot be read to hold that a subsequent Family Court Act article 10 proceeding can be barred as a matter of state law.
Although the remedies related to article 10 proceedings are mainly ameliorative and not punitive, in this court’s opinion, based on federal constitutional principles, where a defendant faces punitive consequences for violating an interim order of protection in a family court neglect proceeding brought under article 10 of the Family Court Act, that defendant is placed in “jeopardy” of receiving a jail sentence under section 156 of that act when evidence is first received in the fact-finding hearing in Family Court. The court takes defense counsel at his word that ACS is seeking a jail sentence in the civil case, and there are no procedural bars to defendant receiving such a sentence if found to have violated the interim order of protection issued in the pending neglect proceeding. If there is a pending criminal action alleging criminal contempt for violating an order of protection, and the factual allegations in the criminal case are identi *945 cal, in whole or in part, to those in the civil article 10 pleading, and the same individual faces a punitive sanction in Family-Court following a fact-finding and dispositional hearing, then the criminal contempt proceeding is barred from continuing as a matter of constitutional double jeopardy once the family court judge has begun to hear evidence in the contempt-based neglect proceeding. Since that is the precise situation in this case, the criminal matter is dismissed.

. The Family Court petition also alleges the Family Court order of protection was violated based on an allegation that defendant struck one of his children on June 2, 2011. There is no charge of contempt based on that allegation in the criminal pleading.

. Interestingly, since defendant is alleged to have violated the Family Court order of protection on three separate dates according to facts set out in the civil pleading, defendant actually faces the potential of three consecutive six-month jail sentences (see Matter of Walker v Walker, 86 NY2d 624, 629-639 [1995]), a longer sentence than he faces if convicted of the single class A misdemeanor count in this criminal action.

. The same public defender organization represents defendant in the Family Court and the Supreme Court proceedings.