Matter of Rey Ramon J.L. (Yesenia D.L.) (2024 NY Slip Op 00357)

Matter of Rey Ramon J.L. (Yesenia D.L.)

2024 NY Slip Op 00357

Decided on January 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024

Before: Moulton, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. B-11108/20 Appeal No. 1521 Case No. 2023-00798 

[*1]In the Matter of Rey Ramon J.L. Also Known as Rey L., A Dependent Child Under the Age of Eighteen Years, etc., Rising Ground, Petitioner-Respondent, Yesenia D.L. Also Known as Yesenia L., Respondent-Appellant.

Andrew J. Baer, New York, for appellant.
Rosin Steinhagen Mendel, PLLC, New York (Douglas H. Reiniger of counsel), for respondent.
Law Office of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), attorney for the child.

Order, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about January 13, 2023, which, to the extent appealed from as limited by the briefs, upon a finding of permanent neglect, terminated the parental rights of respondent mother to the subject child, unanimously affirmed, without costs.
Family Court properly found that petitioner agency established by clear and convincing evidence that it fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the mother's relationship with the child and reunite the family (Social Services Law § 384-b[7][a][f]; see Matter of Sheila G., 61 NY2d 368, 373 [1984]). An agency's statutory obligation is subject to a rule of reason, and parents must assume a measure of initiative and responsibility on their own. A parent has a duty to plan for the child's future (see Matter of Adante A., 38 AD3d 243, 244 [1st Dept 2007]; Matter of Paul Michael G., 36 AD3d 541, 541 [1st Dept 2007]; Matter of Byron Christopher Malik J., 309 AD2d 669 [1st Dept 2003]).
The record belies the mother's arguments that the agency's efforts were pro forma and without follow-through. The testimony of the agency's caseworker, which the court found credible, and extensive agency progress notes, reflect that the agency was actively involved in monitoring the mental health and other services the mother was receiving, and proactive in altering those services when the mother's mental status and parenting skills did not improve. The mother claims that her service referrals were not tailored to her particular needs, but she does not specify what needs were unaddressed, or how the prescribed programs fell short.
As the mother acknowledges, the agency scheduled regular visitation with the child. Her own volatile behavior interfered with supervised visits, despite the efforts of agency staff to show the mother ways to bond with the child. The mother failed to accept responsibility for her own conduct  conduct so disruptive that a substantial majority of the visits had to be terminated prematurely or canceled. An agency "is not a guarantor of a parent's success" (Matter of Imani Elizabeth W., 56 AD3d 318, 319 [1st Dept 2008]).
The mother points to her consistent participation in mental health therapy and other services, but this is not enough to alter the outcome here, given that the services she attended appear to have had little to no impact on her (e.g. Matter of Victor B. [Yvonne B.], 91 AD3d 458, 459 [1st Dept 2012]). She does not adequately address her refusal to comply with the medication management aspect of her service plan.
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2024